UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN COURTNEY WARD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:04CV1206-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

On May 29, 2003, movant Allen Courtney Ward pled guilty to bank robbery, in violation of 18 U.S.C. §2113(a). Subsequently, on September 4, 2003, the Court sentenced Ward to 156 months' imprisonment, to be followed by a three-year term of supervised release. Ward was also ordered to pay $3,298.00 in restitution to the Bank of America. No direct appeal was taken. Now before the Court is Ward's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255.

The motion asserts a single ground for relief: that the Court's order of restitution was erroneous.[1] Ward asserts that restitution is not mandatory and that the Court improperly delegated its authority regarding the timing and amount of restitution payment. The Mandatory Restitution to Victims section of the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that "[n]otwithstanding

---

[1] Movant previously raised this issue in a post-judgment motion in the underlying closed criminal case. The Court denied the motion on July 7, 2004.

any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. §3663A(a)(1). Bank robbery qualifies as "an offense described in subsection (c)." See Moore v. United States, 1787 F.3d 994 (8th Cir. 1999). Thus, the Court's imposition of restitution was mandatory in movant's criminal case.

The Court's judgment provided:

> Restitution is due immediately, but if the defendant is unable to pay the restitution in full immediately, then restitution shall be paid in monthly installments of at least $100.000, with payments to commence no later than 30 days after release from imprisonment. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid. The defendant shall participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons' policies.

Judgment, Case No. 4:03CR152-DJS, [Doc. #26], p. 6. The Court did not delegate any authority by ordering that restitution in the amount of $3,298.00 be made immediately or, alternatively, made in monthly payments should defendant be unable to immediately pay restitution in full. Furthermore, movant's placement in the Inmate Financial Responsibility Program (IFRP) by the Bureau of Prisons (BOP) is not an unconstitutional delegation of authority. The Court ordered immediate restitution and that movant be placed in the IFRP. "[T]he BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed

fine [or restitution]." <u>Matheny v. Morrison</u>, 307 F.3d 709, 712 (8th Cir. 2002).

Accordingly, for all the foregoing reasons, the instant motion to vacate, set aside or correct sentence will be denied.

Dated this  7th  day of June, 2005.

                                                    <u>/s/ Donald J. Stohr</u>
                                                   UNITED STATES DISTRICT JUDGE